UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80392-CIV-MARRA

JOANNE DAVIS,

      Plaintiff,

vs.

U.S. INSTALLATION GROUP
INC. and BRUCE DELUCA,

      Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Motion to Quash Service as to Bruce

Deluca [DE 8], and Plaintiff's Motion to Compel Response to the Complaint or,

Alternatively, for an Extension of Time to Effectuate Service of Defendant Bruce

DeLuca and for the Appointment of the U.S. Marshal's Service [DE 30].  Plaintiff never

responded to Deluca's Motion to Quash Service.  The Court has carefully considered

the motions and is otherwise fully advised in the premises.

Plaintiff is suing Bruce Deluca ("Deluca") in his individual capacity and must

therefore serve Deluca pursuant to Rule 4(e) of the Federal Rules of Civil Procedure

("Rule 4(e)").  *Lowe v. Hart*, 157 F.R.D. 550, 552 (M.D. Fla. 1994).  Rule 4(e) provides

the method by which an individual may be properly served with process.  Rule 4(e)

specifies that an individual may be served by (1) following state law in the state

where the district court is located or where service is made, (2) personally serving

the individual, (3) leaving a copy of the process at the individual's usual place of

abode with someone of suitable age and discretion who resides there, or (4)
delivering a copy of the process to an agent authorized to receive service of process.
Fed. R. Civ. P. 4(e) (2012).

     The district court is located in Florida.  Florida law provides that individuals
may be served by delivering a copy of the summons and complaint: (1) to the person
named; (2) to the individual's usual place of abode[1] with any person residing therein
who is age 15 or older and informing that person of the contents; (3) by substitute
service to the person's spouse; (4) by substitute service to the person in charge of the
individual's business at the time of service, if two or more attempts to serve the
owner have been made at the place of business, and if the individual is doing business
as a sole proprietorship; or (5) on an authorized agent.  Fla. Stat. §§ 48.031, 48.151;
*Microsoft Corp. v. Silver Eagle Computers, Inc.*, No. 06-cv-1405, 2006 WL 3391229, at
*1-2 (Nov. 22, 2006).

     The complaint in this matter was filed on April 12, 2012.  On April 17, 2012,
substituted served was attempted by delivering a copy of the summons and complaint
to "Dale Briggs, a person in charge at Deluca's private mailbox, at 5030 Champion
Boulevard, Boca Raton, Florida."  DE 10, DE 14-1.  This attempt does not satisfy any

---

     [1] In *State ex. rel. Merritt v. Heffernan*, 195 So. 145, 147-48 (1940), the Florida
Supreme Court defined the term "usual place of abode" as the place where the
defendant "is actually living at the time of service."  The word "abode" means "one's
fixed place of residence for the time being when service is made." *Id.* at 147. If a
person has more than one residence, he must be served at the residence in which he
is actually living at the time of service.  *Id.*

of the alternative possibilities provided above.  On May 7, 2012, Deluca, through a limited appearance, filed the instant Motion to Quash Service contesting the validity of the service of process.

While maintaining that the initial service was proper, "in an abundance of caution," on May 22, 2012, Plaintiff sought the issuance of an alias summons, which was granted.  DE 14, 15.  Plaintiff states that since that time, and without delay, she has continued efforts to locate and serve Deluca with the alias summons and complaint, but that Deluca is actively evading service.  Plaintiff represents that "[p]rocess servers attempted service at a residence for which Deluca was the registered owner, but were advised by an occupant that Deluca did not reside at the home.  Service was also attempted at several other properties in which Deluca purportedly had ownership interests, without success.  Process servers, on several occasions, again attempted to serve Deluca at his place of business, USIG/SFCI as well as several establishments at which he was reported to frequent, at varying times of day and night, all without success."  DE 30 at 4.  Plaintiff represents that she has also undertaken investigative efforts to locate and serve Deluca in California without success.  Plaintiff seeks an order compelling Deluca to respond to the Complaint, or alternatively, an extension of time effectuate service, along with the appointment of the U.S. Marsha's Service, pursuant to Rule 4(c)(3), Fed. R. Civ. P., to assist in the service of process.

Here, there is no question that Plaintiff failed to serve Deluca within the 120-day time period prescribed by Rule 4(m).  The Complaint was filed on April 12, 2012 and 120 days from that date is August 10, 2012.  Pursuant to Fed. R. Civ. P. 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.  If, however, the plaintiff shows good cause for the failure to serve timely, the court must extend the time for service for an appropriate period.  In this case, Plaintiff cites to substantial and repeated efforts made during the 120-day period to locate Deluca, and that the addresses procured for him appear to be invalid.  Given that Plaintiff has undertaken substantial efforts to locate and perfect service of process on Deluca, the Court finds that there is good cause under Rule 4(m), and that the service deadline should therefore be extended.  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991) (good cause exists only "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service").  The Court knows of no authority, however, which allows it to compel a defendant to respond to a complaint when that defendant has not been properly served.  It is also unclear how a U.S. Marshal would have any more success at service since Plaintiff has not yet confidently determined where she can locate Deluca. Moreover, although Rule 4(c)(3) of the Federal Rules of Civil Procedure gives the Court discretion to order the United States Marshal to serve civil process, the

Advisory Committee Notes state that appointment of the United States Marshal is generally proper when it is necessary to keep the peace, a circumstance not present in the instant case.  Adv. Comm. Note to 1993 Amendments.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Quash Service as to Bruce Deluca **[DE 8] is GRANTED**, and Plaintiff's Motion to Compel Response to the Complaint or, Alternatively, for an Extension of Time to Effectuate Service of Defendant Bruce DeLuca and for the Appointment of the U.S. Marshal's Service is **granted in part** *nunc pro tunc* in that an extension of time to effect service of process on Deluca is extended for an additional 120 days, or until December 8, 2012, and is **denied in all other respects [DE 30]**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of October, 2012.

_____
KENNETH A. MARRA
United States District Judge